COMMONWEALTH *vs.* IDA CANTOR.

Worcester.    September 22, 1925. — October 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Abortion. Practice, Criminal,* Findings by judge preliminary to admission of evidence, Charge to jury, Discretionary limitation of cross-examination. *Evidence,* Self-serving, Competency, Opinion. *Witness,* Refreshing recollection, Cross-examination, Contradiction.

The provisions of G. L. c. 231, § 81, do not apply to remarks, comments or rulings made by a trial judge during a trial and not in his charge to the jury.

It was not improper for the judge presiding at the trial of an indictment charging a woman with violation of G. L. c. 272, § 19, after hearing in the absence of the jury evidence which warranted him in admitting in evidence a statement as a dying declaration of the woman upon whom the alleged abortion was committed, to recall the jury and to state to them, in substance, that he had found the statement to be a dying declaration and relevant and material to the issue, but that it was for them to determine whether it was a dying declaration within the law as he would explain the matter to them, and that unless they so found, they were not to consider it in any way; but if they did find that it was a dying declaration, they were to give it such weight as they thought it entitled to.

At the trial above described, it was proper to exclude evidence that, after the arresting officer, in response to a request by the defendant, had told her of the crime charged, she told him that she was innocent of the alleged crime.

Testimony by a witness made from memory refreshed after reading a statement in writing is admissible.

After the medical examiner, at the trial of the indictment above described, had testified that he had performed an autopsy upon the deceased and had found no evidence of violence outside or inside, and that the deceased had made to him a statement to the effect that the defendant had used instruments to procure her miscarriage, it is proper to permit him to answer, in reply to a question by the Commonwealth, that the conditions which he found at the autopsy were consistent with the use of instruments with intent to procure an abortion.

An exception to a refusal to permit further cross-examination of a witness for the Commonwealth on the question of accidental abortion after the witness has been examined extensively on the subject and where it appeared by uncontradicted testimony that the condition found at the autopsy was consistent with an accidental abortion, was overruled.

The defendant at the trial of the indictment above described, having testified without objection, so far as the record disclosed, that she had not assisted at the delivery of a child on a certain street and had never told a physician who was a witness for the Commonwealth or any one else otherwise, and that no one had ever said in her presence that she, the defendant, had made such delivery, it was proper for the trial judge to permit the Commonwealth to offer evidence that the defendant's husband in the defendant's presence had stated to the physician who was a witness for the Commonwealth that she had delivered the woman in question on the street named of a child and that the defendant had said nothing.

One of the defences at the trial above described was that at the time of the alleged abortion the defendant was attending a birthday party of her grandchild in another State. In support of this claim the defendant's counsel asked a witness, showing him a paper, if that was a certificate of the child's birth. The paper was excluded. *Held*, that the exclusion was proper as the question related to a collateral matter and it did not appear that the paper was a proper record to be admitted in evidence or that the witness was competent to answer the question asked.

To contradict testimony of a physician who had testified for the Commonwealth that he had told the deceased that she could not live, the defendant offered and the judge excluded evidence to the effect that the physician had said that he did not know whether the deceased thought she was going to die. *Held*, that the evidence offered did not contradict the physician's testimony and that the exclusion was proper.

INDICTMENT, found and returned on May 16, 1924, charging a violation of G. L. c. 272, § 19, as described in the opinion.

In the Superior Court, the indictment was tried before *Whiting*, J.　Material evidence and exceptions saved by the defendant are described in the opinion.　The statement in the record relating to the testimony of the witness Stapleton from refreshed recollection, referred to in the opinion, was as follows:

"Dr. Willard P. Stapleton, being called as witness for the Commonwealth, testified in the course of his examination that he had prepared a written or typewritten statement sometime in the morning prior to the time of the oral statement by the decedent, and that the typewritten statement was lost and was not in his possession.　On being asked if he recalled what was in the statement, his answer was, 'I can't, word for word.'　Whereupon the following took place.　Q. (By the Assistant District Attorney)　Possibly you might refresh your recollection.　(The Assistant District Attorney showed the witness a transcript of evidence taken in the district court at the preliminary hearing.)　A. Yes, sir. — Q. If you refresh your recollection from that paper, can you tell us what was in the written memorandum?　COUNSEL FOR DEFENDANT: I object.　He is asked to refresh his recollection from the memorandum and he is proceeding to read it.　THE JUDGE: I will allow it, assuming, in fact, it does refresh your recollection.　Q. Does it in fact refresh your recollection?　COUNSEL FOR DEFENDANT: I object to his reading it. He is not using his recollection now, he is reading.　THE JUDGE: Go ahead, if it refreshes your recollection.　You can tell what you heard.　You can look at the writing but you are telling what you remember hearing.　. . . You are reading it, but you are looking at it to refresh your recollection of what you heard.　Q. Can you tell us in substance what it was?　A. Yes, sir. [States.]　ASSISTANT DISTRICT ATTORNEY: I should like it to appear in the record that the witness was not reading the record.　THE JUDGE: I instructed him not to, and he followed my instructions."

The defendant was found guilty and alleged exceptions.

*W. M. Quade,* (*C. E. Tupper* with him,) for the defendant.

*C. B. Rugg,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J.   The defendant was convicted of the crime of using certain instruments upon the body of Wanda Szidzewicz with intent to procure her miscarriage, in consequence whereof she died.   The Commonwealth offered in evidence a statement of the deceased as a dying declaration. The presiding judge, in the absence of the jury, heard evidence which justified him in admitting the declaration.   He then told the jury, in substance, that he had found the statement to be a dying declaration and relevant and material to the issue, but that it was for them to determine whether it was a dying declaration within the law as he would explain the matter to them, and that unless they so found, they were not to consider it in any way; but if they did find that it was a dying declaration, they were to give it such weight as they thought it entitled to.   The defendant excepted to this instruction, objecting more specifically to the part in which the judge said that the statement was a dying declaration. The statute prohibiting the court from charging in respect to matters of fact applies to the charge only.   G. L. c. 231, § 81.   During the rest of the trial the court has the same right concerning matters of fact that existed before the statute was adopted.   *Partelow* v. *Newton & Boston Street Railway,* 196 Mass. 24.   But the statement was not objectionable whether made during the trial or in the charge.   Where the law requires a judge to make a preliminary finding of facts it is proper for him to state his finding to the jury.   *Commonwealth* v. *Brown,* 14 Gray, 419.   *Commonwealth* v. *Robinson,* 146 Mass. 571.   *Commonwealth* v. *Brewer,* 164 Mass. 577.   *Commonwealth* v. *Bishop,* 165 Mass. 148. *Commonwealth* v. *Rogers,* 181 Mass. 184.   In the charge, full and accurate instructions as to the admissibility of such declarations were given to which no exception was taken, and the final responsibility of deciding the questions relating thereto was placed upon the jury.   No prejudicial error appears in connection with this exception.

The defendant offered to prove that when arrested she asked the arresting officer what she was arrested for and then told him that she was innocent of the alleged crime.   The ruling of the trial judge excluding this testimony was right.

The statement if made was merely self-serving. The statute giving an accused person the right to know from the officer the grounds on which the arrest is made, does not make her conversation with him competent at her trial. G. L. c. 263, § 1.

No reversible error is disclosed by the record in connection with the use, by the witness Stapleton, of a memorandum to refresh his recollection. The only ground of objection alleged is that the witness was reading the memorandum instead of refreshing his memory from it. But the record shows that he was making a proper use of it under the direction of the court.

The defendant contends that a medical witness was improperly permitted to give an opinion as to the intent with which the instruments introduced into the body of the deceased were used. But this is not the import of the questions asked. The witness was the medical examiner who had performed an autopsy on the body of the deceased and found no evidence of violence outside or in. He had also testified to a statement made by her to the effect that the defendant had used instruments to procure her miscarriage. He was then permitted to answer, in reply to a question by the assistant district attorney, that the conditions which he found at the autopsy were consistent with the use of instruments with intent to procure an abortion. The Commonwealth was within its rights in asking the question. It did not call for any opinion as to the intent with which the act was done, nor even for an opinion whether instruments were used or an abortion performed. Evidence tending to show that there was nothing in the conditions disclosed at the autopsy inconsistent with the theory of the case based upon the other testimony offered by the Commonwealth was competent. Unless such a question were asked the jury might draw an inference from the doctor's testimony that instruments to procure an abortion could not have been used.

The doctor who produced the hospital records testified at length in cross-examination as to the frequency and causes of accidental abortion; and stated that the condition which he found at the autopsy was consistent with an accidental abor-

tion; that if the patient lifted a heavy box of wood while pregnant she could have an abortion and that such a cause would be consistent with the condition found in the woman. It appears from the hospital records that she had lifted such a box four days before. Thereafter in cross-examination of a medical witness, the defendant's counsel asked the question, whether one could have an abortion from the constant jarring operation of a sewing-machine; and on being asked, by the trial judge, whether he contended that it happened in that way and whether such evidence would be introduced, replied: "The woman said so herself. I think I have a right to examine the doctor about his knowledge." The judge excluded the question subject to the defendant's exception, stating that they did not need to go into questions on which there was no evidence. When the defendant later began to inquire further of the same witness about accidental abortions, the judge said, "Haven't you been over the question?" and counsel said that it was new; that he had not been over this phase, and then started to ask another question about accidental abortions. The judge then ruled, subject to defendant's exception, that counsel could not inquire further of that witness about accidental abortions. It did not appear from any offer of proof that material evidence was expected to be elicited by replies to the questions asked. There was no testimony offered in the case or that tends to show any trouble which might be connected with the use of a sewing-machine. When we consider the extent to which counsel was permitted to cross-examine a doctor called by the Commonwealth in regard to accidental abortions and their causes, and the uncontroverted testimony that the condition found at the autopsy was consistent with an accidental abortion, it cannot be said that the judge abused his discretion in refusing to permit counsel to inquire further as to such abortions. In so far as the inquiries were made to test the knowledge of the witness the matter was largely in the discretion of the judge and upon this record the ruling must stand.

The defendant having testified without objection, so far as the record discloses, that she had not assisted in the de-

livery of a child on Wright Street and had never told Dr. Stapleton or any one else otherwise, and that no one had ever said in her presence that she, Mrs. Cantor, had made such delivery, the trial judge permitted the Commonwealth to offer evidence that the defendant's husband in the defendant's presence stated to Dr. Stapleton that she had delivered this woman on Wright Street of a child and that the defendant said nothing. In these circumstances it was for the jury to say whether the defendant by her silence assented to the statement made by her husband. The testimony was competent to contradict that of the defendant. *Foster* v. *Worthing,* 146 Mass. 607, 608. It is assumed that the defendant's acts on Wright Street were material, as they might well be, to show the defendant's knowledge of such matters.

One of the defences was that at the time of the alleged abortion the defendant was attending a birthday party of her grandchild in New York. In support of this claim her counsel asked a witness, showing him a paper, if that was a certificate of the child's birth. This was excluded subject to the defendant's exception. The question related to a collateral matter and it did not appear that the paper was a proper record to be admissible in evidence, or that the witness was competent to answer the question asked.

A court stenographer was called for the purpose of contradicting Dr. Sawyer, who had testified for the Commonwealth that he had told the deceased that she could not live. The evidence offered was to the effect that Dr. Sawyer had said that he did not know whether the deceased thought she was going to die. This was properly excluded for the reason that it did not contradict the doctor's testimony.

All exceptions argued have been considered and no reversible error is disclosed by the record.

*Exceptions overruled.*