UNITED STATES of America

v.

Ronald Shaw BROWN.

Crim. No. 83–00372.

United States District Court,
E.D. Pennsylvania.

July 10, 1984.

Ewald Zittlau, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Gregory Smith, Defender Association of Phila., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION
## AND ORDER

VanARTSDALEN, District Judge.

In December, 1983, defendant Ronald Shaw Brown pled guilty to charges of bank robbery and armed bank robbery, violations of 18 U.S.C. §§ 2113(a), 2113(d). During his sentencing hearing on February 10, 1984, defendant admitted that he had stolen $48,119 from the Community Federal Savings & Loan Association (Community Federal), and that the money had not been recovered. Advised that the Court had the authority to order restitution of the amount

stolen, defendant again agreed that he had stolen the specific amount. On February 10, 1984, I sentenced defendant to twenty (20) years of incarceration and ordered that he make restitution in the amount of $48,119 to Community Federal.

Defendant now moves that I modify his sentence by rescinding the order that he make restitution to the bank. Defendant asserts that the order of restitution, made pursuant to the Victim and Witness Protection Act of 1982[1] (VWPA), violates his constitutional rights to a civil jury trial and due process of law. I disagree.

The only reported case yet to address squarely the issue of the constitutionality of the restitution provisions of the VWPA is *United States v. Welden*, 568 F.Supp. 516 (N.D.Ala.1983), *appeal docketed*, No. 83-7-444 (11th Cir. Aug. 8, 1983). Focusing on 18 U.S.C. § 3579(h), which states: "An order of restitution may be enforced by the United States or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action," the *Welden* court determined that the VWPA "turns a restitution order into a civil judgment." *Id.* at 534. Upon this premise, the *Welden* court concluded that a criminal defendant has a constitutional right to have a civil jury determine what, if any, restitution the defendant should be ordered to pay as part of his sentence. The court reasoned that it could not "construe a hearing which necessarily results in a civil judgment, (particularly when it has the effect of *res judicata* ), not to be a 'suit at common law' within the contemplation of the Seventh Amendment." *Id.* at 534. (citation omitted).

The conclusion by the *Welden* court that the VWPA turns a restitution order into a civil judgment is based upon two critical assumptions. First, that the manner of enforcement of a court order determines whether the action before the court is civil or criminal. Second, that the doctrines of collateral estoppel and *res judicata* apply only to civil actions.

■ The provision in the VWPA that a restitution order be enforced in the same manner as a judgment in a civil action[2] is merely a reenactment of the general rule at common law that a criminal sentence of a fine may be enforced by execution.[3] Congress has applied this rule for some time with regard to the collection of fines and penalties. Revised in 1948, 18 U.S.C. § 3565 (1982) provides that the government may collect a criminal penalty "by execution against the property of the defendant in like manner as judgments in civil cases." The VWPA merely extends this right to crime victims.[4] In enacting the VWPA, Congress realized that strict enforcement of restitution orders would be necessary in order to increase the chances that victims would be compensated for their losses and injuries.[5] Congress' reenactment of the common-law rule regarding the enforcement of certain criminal sentences cannot be said to transform a criminal sentencing hearing into a civil action.

■ Section 3580(e) of the VWPA provides that the doctrine of collateral estoppel operates to preclude a criminal defendant from denying the essential allegations of the offense of which he was convicted in any subsequent state or federal civil proceeding. The application of the doctrine of collateral estoppel (or *res judicata* according to the *Welden* court) to criminal proceedings has been recognized by several circuit courts and upheld by the Supreme

---

1. Pub.L. No. 97-291, 96 Stat. 1248 (1982). The new restitution provisions, § 5 of the Act, 96 Stat. at 1253-55 and codified at 18 U.S.C. §§ 3579-3580 (1982).

2. 18 U.S.C. § 3579(h) (1982).

3. *See Crooker v. United States*, 325 F.2d 318, 321 (8th Cir.1963); *United States v. Pomeroy*, 152 F. 279, 280 (S.D.N.Y.1907).

4. Project, *Congress Opens a Pandora's Box—The Restitution Provisions of the Victim and Witness Protection Act of 1982*, 52 Fordham L.Rev. 507, 539 (1984).

5. *See* S.Rep. No. 532, 97th Cong., 2nd Sess. 33, *reprinted in* 1982 U.S.CODE CONG. & AD.NEWS 2515, 2539.

Court.[6] The collateral estoppel provision of the Act has no bearing on a defendant's rights during the sentencing hearing because the doctrine applies only to facts underlying the criminal conviction that are decided *prior to* a sentencing court's restitution decision.[7]

Neither the enforcement provision nor the collateral estoppel provision of the VWPA turns a restitution hearing into an action at common law. Notably, the VWPA distinguishes between the sentencing hearing and any subsequent civil actions which might be brought by a victim or victims of the crime. In addition to the collateral estoppel provision,[8] section 3579(e) provides that any amount that a victim receives pursuant to a restitution order be set off against any future civil judgments awarded to the victim. These provisions of the VWPA recognize the possibility of future civil actions which would be precluded by the doctrine of *res judicata* if such sentencing hearings are, in fact, civil actions under the VWPA.

■ In enacting the VWPA, Congress intended restitution to be a criminal sanction[9] rather than a judgment of civil liability.[10] Through the VWPA, Congress requires a convicted defendant to repay not only his debt to society but also his debt to the specific victims of the crime. The restitution order is thus only part of a criminal sentence to be determined by the trial judge[11] and, consequently, is not affected by the Seventh Amendment.

Even if I followed the reasoning of the *Welden* court and concluded that a sentencing hearing is a civil action when restitution is ordered, defendant, given the facts of this case, still would have no right to a jury trial.

The Seventh Amendment does not guarantee the right to a jury trial in all civil cases but rather, "preserves" the right in "suits at common law." Restitution is a doctrine which underlies remedies at law and at equity, even though founded on equitable principles.[12] However, at equity, restitution was considered "a remedy by which a defendant is made to disgorge ill-gotten gains or to restore the status quo, ...."[13]

The facts of this case, in contrast to *Welden*, fit easily into the framework of equitable restitution. Defendant pled guilty to stealing $48,119 and, during his sentencing hearing, again admitted that he had stolen that amount. My order that defendant return the $48,119 to the bank is simply an example of forcing a defendant to "disgorge ill-gotten gains." The *Welden* case, on the other hand, required the court to determine the damage suffered by a rape victim and a murder victim, facts more analogous to a civil personal injury claim. Under the facts of this case, defendant cannot argue that he has a constitutional right to have a civil jury determine an equitable remedy.

Defendant in his motion states that "in view of the fact that [he] did not receive a civil trial, he did not receive due process." Defendant had no right to a civil jury trial during his sentencing hearing and, therefore, his due process claim cannot stand.[14]

6. *See* Project, *supra* note 4, at 537 nn. 170 & 171.

7. 18 U.S.C. § 3580(e) (1982).

8. *Id.*

9. *See* Project, *supra* at note 4, at 540 nn. 190 & 192.

10. *Id.*, 540 n. 191.

11. *See Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949) ("A sentencing judge ... is to determine the type and extent of punishment after the issue of guilt has been determined.")

12. *See Camrex (Holdings) Ltd. v. Camrex Reliance Paint Co.*, 90 F.R.D. 313, 322 (E.D.N.Y. 1981).

13. 5 J. Moore, Moore's Federal Practice ¶ 38.-24[2] (1976). *See Porter v. Warner Holding Co.*, 328 U.S. 395 at 400–02, 66 S.Ct. 1086, 1090–91, 90 L.Ed. 1332 (1945).

14. Even if defendant had not restricted his due process argument to his jury trial claim, he would not have succeeded in persuading one to modify his sentence because Rule 32 of the Federal Rules of Criminal Procedure requires only that a defendant be afforded notice and an opportunity to be heard during a sentencing

Accordingly, defendant's Motion for Modification of Sentence is denied. An order follows.

### ORDER

It is ORDERED that the motion of Ronald Shaw Brown to reduce sentence by eliminating the order of restitution imposed pursuant to the Victim and Witness Protection Act is DENIED and DISMISSED.

hearing. The transcript of defendant's hearing amply demonstrates this court's compliance with that rule.