COMMONWEALTH *vs.* MICHAEL J. RESCIA. No. 96-P-1501. January 6, 1998. *Practice, Criminal,* Restitution. *Restitution.*

The defendant pleaded guilty in the District Court to a two-count complaint charging him in Count A with breaking and entering in the nighttime with intent to commit a felony (G. L. c. 266, § 16) and in Count B with larceny of property with a value more than $250. G. L. c. 266, § 30. The defendant was sentenced to concurrent terms of one year, seven days to be served, and the balance of the jail term suspended. As a condition of probation, the judge ordered the defendant (and a codefendant — the defendant's brother) to make restitution to the victim of $30,500. On appeal, the defendant claims that the judge committed two errors at the restitution hearing. The claimed errors were that the judge (1) limited the defendant's cross-examination of the victim, and (2) failed to give adequate weight to the defendant's financial resources in determining the amount of the restitution award.

The restitution hearing focused on Count B which recited that the defendant "did steal the property of [the victim], said property having a value more than two hundred and fifty dollars, in violation of [law]." The property stolen was the victim's purse.

At the restitution hearing, the victim testified that several items of jewelry were in her purse when it was taken by the defendant. She testified that some of her jewelry was recovered and returned to her by the police. She estimated that the value of the missing items was as follows: a $28,000 ring; a $2,000 wedding band with five diamonds; five gold chains valued at $1,500; and a $1,500 gold watch. Other items were not returned but the victim testified that

she could not determine their value. She did state that she received $2,500 as an insurance settlement for some of the stolen items.

On cross-examination, the defendant attempted to ask the victim questions about the items (particularly the $28,000 ring) that the victim claimed were in her purse at the time the defendant stole it. The judge sustained the prosecutor's objection on the ground that the defendant had pleaded guilty to larceny of property with value of more than $250 and that the only issue at the restitution hearing was the value of the property that was taken. On appeal, the defendant argues that based on this record, he is entitled to show what items were taken.

In *Commonwealth* v. *Nawn*, 394 Mass. 1, 6-9 (1985), the court ruled that "[t]he procedure used to determine the amount of restitution or reparation must be reasonable and fair." *Id.* at 6-7. The defendant must be provided with an opportunity to be heard, and must be allowed "to cross-examine the victim as to the value of the items taken." *Id.* at 7.

Count B of the complaint to which the defendant pleaded guilty merely stated that he took property with value of more than $250. The application for the complaint stated that the defendant stole the victim's purse "containing about $37,500 worth of jewelry and pawned same." Again, the items of jewelry in the purse were not specified. Further, the plea colloquy is not in the record and we do not know if during his guilty plea, the defendant acknowledged that the $28,000 ring was in the purse.

The defendant must be "afforded . . . meaningful opportunity to challenge the amount of money ordered repaid." *Ibid.* See *People* v. *David N.*, 140 A.D.2d 460, 461 (N.Y. 1988) (evidence was legally sufficient to establish victims' losses in case where defendant pleaded guilty to burglary and was allowed "complete cross-examination of the witnesses" at a hearing "to determine the fruits of the offense or the loss or damage caused by the offense"); *Denson* v. *State*, 556 So. 2d 823, 824 (Fla. Dist. Ct. App. 1990) (in restitution proceeding, evidence must establish significant causal connection between loss and the crime charged).

We hold that based on this record, the matter must be remanded to the District Court in order that the defendant may conduct a reasonable cross-examination for the purpose of establishing the specifics of the victim's claimed losses.

The defendant also argues that the judge fashioned the restitution order without considering the financial ability of the defendant to pay the order, citing *Commonwealth* v. *Nawn, supra*, in support of his argument. In *Commonwealth* v. *Nawn*, 394 Mass. at 7, the court stated that the judge at a restitution hearing "should . . . consider whether the defendant is financially able to pay the amount ordered." In that regard, "the judge may take into consideration the defendant's employment history and financial prospects. . . ." *Id.* at 9.

At the time of the hearing, the defendant was a high school senior, seventeen years of age, and unemployed. The restitution order is not included in the record and the terms of the order are not known to us, i.e., whether it is open-ended or whether there is a payment schedule. If a payment schedule is not established, the defendant would be subject to contempt proceedings for his failure to discharge completely his debt. Therefore, in the interests of justice

and judicial economy, the matter is also remanded for further rulings in regard to the issue of payment of the restitution order.

*So ordered.*

*Margie Sasson* for the defendant.

*Jennifer S. Brand,* Assistant District Attorney, for the Commonwealth, submitted a brief.