COMMONWEALTH *vs.* RHEA M. HASTINGS.

No. 99-P-1347.

Hampshire. October 12, 2000. - October 23, 2001.

Present: BROWN, SMITH, & LENK, JJ.

*Motor Vehicle,* Operating under the influence, Leaving scene of accident. *Restitution. Value.*

Where there was no evidence, in a restitution hearing held following the defendant's conviction for leaving the scene of a property damage accident, that the automobile purchased by the victims to replace the one rendered a total loss in the accident was comparable in kind, quality, and condition to the previous vehicle, the restitution amount was excessive; therefore, this court vacated the restitution order and remanded the matter for a new restitution hearing. [42-44]

COMPLAINT received and sworn to in the Ware Division of the District Court Department on November 9, 1998.

After an admission of facts sufficient to warrant a finding of guilty, a restitution hearing was held before *Nancy Dusek-Gomez,* J.

*Arthur J. O'Donald, III,* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

SMITH, J. On November 9, 1998, the defendant was charged in Ware District Court with operating under the influence of liquor (G. L. c. 90, § 24), failure to drive in the right hand lane (G. L. c. 89, § 4B), and leaving the scene of a property-damage accident (G. L. 90, § 24). On January 8, 1999, the defendant admitted to sufficient facts to warrant a finding of guilty to the charges of operating under the influence of liquor and leaving the scene of a property-damage accident.[1] On the latter charge, the defendant was placed on probation, and the judge entered an

---

[1] A finding of responsibility was filed with the defendant's consent on the charge of failure to drive in the right hand lane.

order that she make restitution in an amount to be later determined.

On May 17, 1999, a restitution hearing was held. The vehicle, a 1984 Ford LTD Crown Victoria, was registered to a Rene Paquette and was being driven by his wife, Sylvia, at the time of the accident. It was undisputed that the vehicle was a total loss after the accident. Rene testified that the vehicle had been serviced every two thousand miles, was in excellent condition, and that, in his opinion, the value of the motor vehicle at the time of the accident was $2,500. He collected $1,995 from his insurance company.

Rene also testified that he replaced the destroyed vehicle with a 1992 Buick LeSabre automobile for which he paid $7,800. He also paid $450 to Brochu Insurance Company to register the vehicle, including the sales tax. In order to finance the purchase, the Paquettes withdrew money from their Christmas Club account and paid the balance by charging it to their Visa credit card account. As of the date of the restitution hearing, the service fees and accumulated interest charges totaled $373.50.

The judge ordered the defendant to pay restitution to the Paquettes in the amount of $6,630.50. The judge reached that amount by adding the price of the 1992 Buick LeSabre, $7,800, the cost to register the car including the sales tax, $455, and the service fee and interest charges of $373.50. From that amount she deducted the insurance proceeds of $1,995[2] that Rene had received from his insurance company to compensate him for the total loss of his car.

On appeal, the defendant claims that the restitution amount was excessive in view of the evidence of the value of the destroyed vehicle.[3] We remand the matter for a new restitution hearing.

There is no question that restitution is an appropriate consideration in criminal sentencing. See G. L. c. 258B, § 3(*o*); *Novelty Bias Binding Co.* v. *Shevrin*, 342 Mass. 714, 717 (1961).

---

[2]Because neither party has questioned the propriety of deducting the insurance proceeds, we do not consider it.

[3]The defendant does not challenge the procedure used at the restitution hearing. See *Commonwealth* v. *Nawn*, 394 Mass. 1, 6-8 (1985) (procedure used to determine the amount of restitution must be "reasonable and fair").

The purpose of restitution is to compensate the injured party for losses incurred as a result of the defendant's criminal conduct. *Commonwealth* v. *Rotonda*, 434 Mass. 211, 221 (2001). "The payment of restitution is limited to the economic losses caused by the conduct of the defendant and documented by the victim." *Ibid.* See G. L. c. 258B, § 3(*o*). See also *Commonwealth* v. *Nawn*, 394 Mass. at 7-8.

Although G. L. c. 276, § 92A, as inserted by St. 1980, c. 463, § 7, applies to restitution in cases of motor vehicle theft, its provisions are nonetheless instructive here. In pertinent part, the statute provides that "[a] person found guilty . . . shall, in all cases, upon conviction . . . be ordered to make restitution to any person whom the court deems appropriate for any financial loss sustained by the victim of his crime . . . . The term 'financial loss' shall be interpreted to include but shall not be limited to, loss of earnings, out-of-pocket expenses, and replacement costs. Losses due to pain and suffering are not financial loss." We believe that "financial loss" in the statute is synonymous with "economic loss" in the case law. Therefore, contrary to the defendant's argument that the victim's recovery is limited to the "market value" of the destroyed property — here $2,500 — a victim can recover appropriate replacement cost through restitution in a criminal proceeding. We interpret the term replacement cost in this context to mean that amount for which the 1984 Ford Crown Victoria could be replaced at retail by an automobile of comparable kind, quality, and condition; in other words, the automobile purchased must be a reasonable substitute for the one that was destroyed.

In the instant case, however, the record is devoid of any evidence that the 1992 Buick LeSabre qualifies as a reasonable substitute for the 1984 Ford LTD Crown Victoria. Rene simply testified that he bought the 1992 vehicle because it was available. Consequently, the matter must be remanded for a new hearing at which the Paquettes should be given the opportunity to substantiate that the 1992 vehicle was an automobile comparable in kind, quality, and condition to the 1984 vehicle. Even if the total purchase price of $7,800 is not an appropriate amount to order as restitution, it is possible that some portion of that amount (in excess of $2,500) would be recoverable as restitu-

tion for a reasonable substitute automobile. The defendant should have the opportunity to refute the claim. *Commonwealth* v. *Nawn*, 394 Mass. at 7.

The restitution order is vacated, and the matter is remanded for a new restitution hearing in accordance with this opinion.

*So ordered.*