NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-445

COMMONWEALTH

vs.

MICHAEL DELLOIACONO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial on March 21, 2022, the defendant was convicted on a single count of assault and battery.  He was sentenced to a term of eighteen months in the house of correction, suspended for one year, with probation conditions to remain alcohol free and pay restitution in an amount to be determined at a later date.[1]  A different judge entered a

---

[1] The complaint arose from an incident that occurred on January 26, 2019.  While looking out from his apartment window, the defendant observed the victim smoking a cigarette in the parking lot behind his apartment building.  Not recognizing the victim as a resident of the complex and thinking that he intended to burglarize cars in the parking lot, the defendant confronted the victim while armed with a stick that resembled a baseball bat.  The victim was, in fact, visiting one of the defendant's neighbors and had been given keys to the building. The victim attempted to explain himself to the defendant and defuse the situation by raising his hands in a

restitution order following a hearing and subsequently extended the defendant's probationary period after finding a probation violation based on his failure to pay the restitution as ordered.  In this consolidated appeal, the defendant argues that the judge (1) abused his discretion by ordering restitution without considering the defendant's ability to pay and (2) erred in concluding that the defendant willfully violated the terms of his probation by failing to pay restitution that he could not afford.[2]  We affirm.

Discussion.  "A judge may order a defendant to pay restitution to the victim as a condition of probation provided that the '[r]estitution is limited to economic losses caused by

---

nonconfrontational manner, but the defendant, who was much taller than the victim, struck the victim in the head with the stick, causing him to lose consciousness.  The victim suffered serious injuries, including a concussion and a fractured orbital bone.

[2] The transcripts before us indicate that the judge who found the defendant in violation of his probation was a different judge than the one who set the terms of restitution.  The Commonwealth has informed us, however, that the transcript of the probation violation hearing contains a typographical error and that, in fact, the same judge presided over both hearings.  We proceed with this understanding, which is further evidenced by the statements of the judge at the probation violation hearing that reference his participation in the restitution hearing.  A different judge presided over the defendant's trial and sentencing, and we refer to him separately as appropriate.

the defendant's conduct and documented by the victim.'"[3]

Commonwealth v. Henry, 475 Mass. 117, 120 (2016), quoting

Commonwealth v. McIntyre, 436 Mass. 829, 833-834 (2002). "Where

the defendant does not stipulate to the amount, the judge should

conduct an evidentiary hearing at which 'the Commonwealth bears

the burden of proving by a preponderance of the evidence the

amount of the victim's losses.'" Henry, supra, quoting

Commonwealth v. Nawn, 394 Mass. 1, 7-8 (1985).

> "[A]t the close of the evidentiary hearing, the judge must make two findings in deciding whether to order restitution as a condition of probation and, where ordered, the amount of restitution to be paid during the period of probation. First, the judge must determine the amount of the victim's actual economic loss causally connected to the defendant's crime. The Commonwealth bears the burden of proof as to this finding. The order of restitution may not exceed this amount. Second, the judge must determine the amount the defendant is able to pay. Where a defendant claims that [the defendant] is unable to pay the full amount of the victim's economic loss, the defendant bears the burden of proving an inability to pay." (Citations omitted.)

Henry, supra at 121. "We review orders of restitution for abuse

of discretion or error of law." Commonwealth v. Buckley, 90

Mass. App. Ct. 177, 180 (2016).

The defendant first argues that the judge abused his

discretion by ordering that the defendant pay restitution

---

[3] The victim's documented expenses arose from the injuries inflicted on him by the defendant, including a concussion, contusion, and fractured orbital bone. The victim accumulated $7,959.77 in medical bills stemming from these injuries.

3

without engaging in more than a "cursory" consideration of his ability to pay.[4],[5]  At the restitution hearing, the Commonwealth explained that it "declined to ask for jail based on the fact that the victim was seeking restitution."  After inquiring of the Commonwealth as to the economic loss suffered by the victim and learning that the victim's documented medical bills amounted to $7,959.77,[6] the judge asked the defendant's counsel about the defendant's financial means.  Counsel informed the judge that the defendant was a painter and that he made $2,100 during his

---

[4] At the sentencing hearing, the Commonwealth recommended that the defendant be placed on probation and ordered to pay restitution in order to assist the victim with his medical bills.  The defendant's counsel agreed and told the sentencing judge that the defendant had a "steady, well-paying job" as part of the argument that he should not be sentenced to a term of incarceration but instead be ordered to pay restitution.  The sentencing judge was reluctant to place the defendant on probation because of the severity of the victim's injuries and the defendant's violent history.  He ultimately, however, at the urging of the defendant, adopted the Commonwealth's recommendation.

[5] The defendant filed a petition with the Supreme Judicial Court pursuant to G. L. c. 211, § 3, challenging the restitution order.  That motion was denied on July 8, 2022.

[6] The judge properly found, pursuant to the first prong under Henry, 475 Mass. at 121, that the victim's actual economic loss was $7,959.77.  The judge divided this sum by twelve and rounded up to the nearest whole dollar amount to arrive at monthly payments of $664, for a total restitution amount of $7,968, and we discern no abuse of discretion in his decision to do so.

4

most recent month of full employment.[7]  She further informed the judge, however, that the defendant was not working at that time because "the job site is in Boston, and because of the price of gas, he is not able to pay to get to the job site."  The judge rejected this claim outright, stating that "every painter is working . . . everybody is working" and insisting that the defendant obtain employment in order to pay the full sum of restitution requested by the Commonwealth.[8]  He then noted that he was familiar with Henry, found that the defendant had the means to pay the restitution, and ordered the defendant to pay $7,968 in twelve monthly instalments.

---

[7] Immediately prior to the hearing, the defendant completed an indigency report worksheet stating that he was employed as a painter and that his annual salary was $72,000.

[8] We note with some concern several of the judge's statements to the defendant at the restitution hearing.  After defendant's counsel informed the judge that the defendant was trying to find work that was local to his area, the judge interjected, given the employment climate during the COVID-19 pandemic, "Right now, every painter is working, every craftsman is working, everybody is working.  So if you're telling me he can't find work, I'm telling you then he's being lazy with all due respect."  Later, apparently in reaction to the defendant's demeanor, the judge acknowledged that "[the defendant is] upset I've committed a Rule One violation.  I've hurt someone's feelings again," and asked court staff to "[p]lease note the time in the log."  See S.J.C. Rule 3:09, Canon 1, Rule 1.2 (2016) (Massachusetts Code of Judicial Conduct).  We caution judges to guard against, as it appears here, letting their frustrations seep into the proceedings.

We cannot say that the judge abused his discretion in finding, with respect to the second Henry prong, that the defendant was able to pay restitution in the amount and on the schedule ordered.  Importantly, the defendant, inter alia, represented to the judge that he had recently made $2,100 in a single month of employment.  "A judge may . . . consider a defendant's ability to earn based on the defendant's employment history and financial prospects" (quotation omitted).  Henry, 475 Mass. at 127.  That evidence was enough to support the judge's conclusion that the defendant had the means to pay the full sum proposed by the Commonwealth.  See id.  While the defendant argued that he could not pay the amount required due to unemployment, the judge was not required to accept the defendant's representation that his justification for being unable to do so -- the high cost of commuting -- actually prevented him from working.[9]  See Commonwealth v. Porter, 462 Mass. 724, 732-733 (2012) (burden of proof regarding indigency lies with defendant).  The record clearly reflects that the

_____

[9] It is for this reason that we are unpersuaded by the defendant's argument on appeal that the judge failed to consider the defendant's expenses or actual income prior to finding that he was able to pay.  Once the Commonwealth made a showing as to the victim's economic loss, the burden fell to the defendant to offer evidence in support of his claim of indigency, and thus he cannot prevail on appeal for having failed to do so.  See Henry, 475 Mass. at 121.

6

judge weighed the defendant's potential income[10] against the proposed amount of restitution and found that, as he was required to do, the defendant was able to pay the ordered amount.[11]  See Henry, 475 Mass. at 121.  There was no abuse of discretion.

Conclusion.  The restitution order dated May 27, 2022, is affirmed.  The order dated February 10, 2023, extending probation, is affirmed.

So ordered.

By the Court (Desmond, Hand & Grant, JJ.[12]),

Clerk

Entered:  September 27, 2024.

---

[10] Before considering a defendant's potential income, the judge is required to "specifically find[] that the defendant is earning less than [the defendant] could through reasonable effort."  Henry, 475 Mass. at 127.  We think that the judge's remarks regarding the need for the defendant to put forth effort in order to pay restitution clearly satisfy this requirement.

[11] Having concluded that the order to pay restitution was proper, we need not consider the defendant's argument that the judge erred in finding him in violation of the terms of his probation on the basis that the order to pay restitution was in error.  We note that the defendant stipulated to his probation violation at the violation hearing on February 10, 2023.  At that time, the defendant was in arrears by at least $3,562, having only made seven payments of $250.

[12] The panelists are listed in order of seniority.

7