COMMONWEALTH *vs.* RICHARD K. WILLIAMS. No. 01-P-1372. March 26, 2003. *Practice, Criminal,* Restitution.

As part of the disposition of his convictions of breaking glass in a building and larceny of a motor vehicle arising out of the vandalizing of a motorcycle shop in Phillipston, the defendant was ordered to make restitution to the owner of the shop in the sum of $11,081.14.[1] The defendant appeals from the order for restitution, claiming that the judge erred in relying in part on the cost estimates submitted by the owner to determine the amount of restitution and in failing to require the owner to offset his losses by placing a claim with his insurance company for the damages incurred. We affirm.

1. The judge did not err in relying in part on repair cost estimates prepared by various vendors and submitted by the owner, rather than the actual costs for the repairs. See *Commonwealth* v. *Yeshulas,* 51 Mass. App. Ct. 486, 492-493 (2001) (in setting restitution in arson case, proper for judge to rely on fire department estimate regarding loss to victim). The owner testified that not all the work had been completed, and submitted estimates for the work remaining to be done. The defendant had the opportunity to cross-examine the owner regarding those cost estimates and to submit evidence if he wished to rebut the owner's testimony. No more was required. *Commonwealth* v. *Nawn,* 394 Mass. 1, 6-9 (1985).

2. The evidence submitted at the hearing on the availability of insurance proceeds to pay for the damage incurred by the defendant's act was scant. It consisted solely of (1) the owner's testimony that he had insurance on the building and his business and that he was paying for the repair of his plate glass windows out of his own pocket, and (2) apparently a letter from his insurance agent that his premiums might be increased if he submitted a claim.[2] There was no evidence offered that the owner had received any insurance proceeds for his loss or whether the loss would have been covered by an insurance policy issued to him.

The defendant argues nevertheless that the judge should have considered the insurance proceeds that were available to the owner in determining the restitution order. The judge did not err in failing to do so. Not only was the evidence presented to the judge insufficient for him to make any such determination, but there is no requirement that a victim must submit a claim under any insurance policy that might cover the loss before an order of

---

[1]The defendant was also charged with vandalizing property in violation of G. L. c. 266, § 126A. The docket reflects that this charge was dismissed and merged with the offense of breaking glass in a building.

[2]The letter was submitted as an exhibit. The exhibit was not produced in the record and counsel for the Commonwealth and the defendant at oral argument represented that the exhibits had been lost. Counsel, however, in oral argument argued as to its content.

restitution can be made. Under G. L. c. 258B, § 3(*o*), as inserted by St. 1995, c. 24, § 5, a victim shall have the right "to request that restitution be an element of the final disposition of a case and to obtain assistance from the prosecutor in the documentation of the victim's losses." The statute does not provide that in order to obtain restitution, the victim is first required to submit a claim under an insurance policy that might cover the loss. Moreover, such a requirement would run counter to the purpose of restitution, which is not only to compensate the victim for his or her economic loss tied to the defendant's conduct, but also to make the defendant pay for the damage he or she caused as a punitive and rehabilitative sanction. *Commonwealth* v. *McIntyre*, 436 Mass. 829, 833 & n.2 (2002). It would be incompatible with the latter goal to impose a requirement that, in order. to obtain restitution, a victim must have submitted a claim under any insurance policy he or she had obtained that might possibly cover his or her loss. Compare 18 U.S.C. § 3664(f)(1)(B) (2000) (judge may not consider any amounts victim has received or is entitled to receive from insurance company in determining amount of restitution to victim of Federal crime).

*Judgments affirmed.*

*Robert A. O'Meara* for the defendant.

*Michelle R. King*, Assistant District Attorney, for the Commonwealth.