COMMONWEALTH *vs.* ROBERT AMARAL.

No. 09-P-1683.

Bristol. October 19, 2010. - January 6, 2011.

Present: KANTROWITZ, KAFKER, & WOLOHOJIAN, JJ.

*Assault and Battery. Self-Defense. Evidence,* Self-defense, Prior violent conduct. *Restitution. Practice, Criminal,* Restitution. *Damages,* Restitution.

At the trial of a criminal complaint charging the defendant with assault and battery, the trial judge correctly determined that evidence of the victim's experience as a boxer, trained fighter, or martial artist was inadmissible to prove that he was the first aggressor, where the defendant failed to provide proper notice to the court and the Commonwealth regarding his intention to offer such evidence, and where the questions posed related only to the victim's generalized participation in boxing and martial arts, and not to specific acts of illegal violence. [558-559]

At a restitution hearing held following the defendant's conviction of assault and battery, the evidence and procedures employed satisfied the due process standards for such hearings, where, although a dentist's note and cost estimate that were admitted in evidence were hearsay in that they did not adhere to the requirements of G. L. c. 233, § 79G, the note and estimate were not the only evidence regarding damage to the victim's teeth, and the defendant did not claim to be surprised by the evidence or request a continuance; further, the judge was well within his discretion in awarding the cost of a damaged cellular telephone rather than the cost of a replacement telephone. [559-562]

COMPLAINT received and sworn to in the Fall River Division of the District Court Department on May 24, 2006.

The case was heard by *John M. Julian,* J., and a restitution hearing was held before *Joseph I. Macy,* J.

*Todd C. Pomerleau* (*Danielle M. Wood* with him) for the defendant.

*William R. Connolly,* Assistant District Attorney, for the Commonwealth.

KAFKER, J. The defendant, Robert Amaral, was convicted of assault and battery following a bench trial in the District Court.

On appeal, the defendant asserts that (1) the trial judge erred by unduly restricting cross-examination regarding the victim's training and experience as a boxer and martial artist to establish that the victim was the first aggressor; and (2) the restitution order entered by a judge violated the defendant's due process rights because it was based in part upon the submission of a dentist's note and cost estimate that failed to comply with G. L. c. 233, § 79G. We affirm.

*First aggressor evidence.* The charge in this case arose from a physical altercation between the defendant and the victim, Robert Davidson. The defendant, accompanied by Jeremy Dias and Eric Jussaume, both codefendants,[1] and another companion, went to the victim's home and physically assaulted him to recover money the defendant claimed was owed to him. In order to support the assertion that the victim was the first aggressor in accordance with the requirements of *Commonwealth* v. *Adjutant*, 443 Mass. 649 (2005), counsel for Jussaume sought to question the victim and the victim's wife regarding the victim's prior experience with boxing and martial arts. The trial judge sustained the Commonwealth's objection. On cross-examination of the victim's wife, the defendant's counsel also asked whether the victim was ever a boxer or fighter. The Commonwealth's objection to this question was likewise sustained. However, counsel for Dias was allowed without objection to cross-examine the victim on whether he was a professional or amateur boxer, which he denied. When he was further asked about his martial arts experience, the Commonwealth objected and the objection was sustained.

The Supreme Judicial Court held in *Commonwealth* v. *Adjutant, supra* at 664, that "where the identity of the first aggressor is in dispute and the victim has a history of violence, . . . the trial judge has the discretion to admit evidence of specific acts of prior violent conduct that the victim is reasonably alleged to have initiated, to support the defendant's claim of self-defense." This evidence is admissible only "for the limited purpose of supporting the defendant's self-defense claim that the victim was the first aggressor." *Id.* at 660. "A defendant who intends to introduce evidence of the victim's specific acts of violence to

---

[1] The codefendants are not involved in this appeal.

support a claim that the victim was the first aggressor must provide notice to the court and the Commonwealth of such intent and of the specific evidence he intends to offer." *Id.* at 665.

The trial judge correctly determined that evidence of the victim's experience as a boxer, trained fighter, or martial artist was inadmissible to prove he was the first aggressor.[2] First, the record indicates that the defendant failed to provide proper notice to the court and the Commonwealth regarding his intention to offer such evidence. This notice is required under *Adjutant* in order to allow the Commonwealth to investigate and prepare a rebuttal. *Ibid.* Second, the codefendants' questions related only to the victim's generalized participation in boxing and martial arts. Sporting activities such as these fail to meet the requirements of *Adjutant,* as they refer to general activities rather than specific acts, and participation in organized athletic activities, including boxing, martial arts, or other hard-hitting sports, is markedly different from the specific acts of illegal violence contemplated by *Adjutant.*

*Restitution.* On December 11, 2006, a restitution hearing was held before a different judge (restitution judge) to determine the amount of restitution owed by the defendant. The restitution judge ordered $4,000 in restitution to be paid by the defendant and codefendant Dias to the victim, with the defendant and Dias being jointly and severally liable for the $4,000. The restitution judge arrived at this amount after reviewing the evidence presented and calculating $3,600 for dental work, $209 for a broken cellular telephone, and $200 for broken furniture, rounded down to an even number.

"The Commonwealth bears the burden of proving the victim's losses and their amount by a preponderance of the evidence," as well as the burden of proving a causal connection between the defendant's action and the victim's losses or damage. *Commonwealth* v. *Casanova,* 65 Mass. App. Ct. 750, 755 (2006). In

---

[2]There was no evidence to the effect that the defendant had any knowledge before the incident of the victim's alleged experience as a boxer or martial artist. Had there been, the defendant may have been able to argue for the introduction of such evidence as relevant to a self-defense claim based on a reasonable fear of the victim on his part. See *Commonwealth* v. *Adjutant, supra* at 654.

determining the proper amount of restitution, fair and reasonable procedures must be followed, including affording the defendant a meaningful opportunity to be heard and the right to cross-examine witnesses regarding the issue of restitution. *Commonwealth* v. *McIntyre*, 436 Mass. 829, 834 (2002). There is, however, "no requirement that strict evidentiary rules apply at restitution hearings." *Commonwealth* v. *Casanova, supra.* See *Commonwealth* v. *Nawn*, 394 Mass. 1, 7 (1985). Rather, "[r]estitution is part of a probationary sentence and, as with probation revocation, a restitution hearing must be flexible in nature and all reliable evidence should be considered. . . . Accordingly, hearsay, if reliable, is admissible to carry the Commonwealth's burden at a restitution hearing." *Commonwealth* v. *Casanova, supra* at 755-756.

At the restitution hearing in this case, the victim testified to the injuries caused by the defendant and codefendants and the costs incurred by him as a result of the crime. He said, "I lost a crown off my tooth. I lost my two front teeth. I have a few teeth that are still loose." He also submitted a letter from a dentist that said, "[The victim] presented to my office on 11/30/06 with a history of having two front teeth knocked out . . . and a full crown dislodged as a result of an assault in his home on or about 5/13/06. These teeth cannot be replaced on individual basis, but rather must be replaced as part of a total treatment plan." The victim also submitted the dentist's $3,587 cost estimate for services. Additionally, the victim testified regarding the damage to his cellular telephone and submitted receipts for the damaged cellular telephone and a new cellular telephone. The original cellular telephone cost $209 and the replacement cost $115.44. The victim was cross-examined, and the defendant had the opportunity to submit his own evidence, which he declined.

Most of the defendant's arguments regarding restitution require little discussion. His attempt to portray the victim as the aggressor was belied by the defendant's conviction and was not the proper subject of the restitution hearing. The restitution judge was also well within his discretion to award the victim the cost of the cellular telephone that was damaged rather than the cost of the replacement telephone. The primary objection raised by the defendant relates to the dental costs, particularly the submis-

sion of the dentist's estimate and note without complying with the requirements of G. L. c. 233, § 79G, as amended by St. 1988, c. 130, which provides, in relevant part:

> "In any proceeding commenced in any court, commission or agency, an itemized bill and reports, including . . . dental . . . services, . . . subscribed and sworn to under the penalties of perjury . . . , shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services . . . ; provided, however, that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party . . . not less than ten days before the introduction of same into evidence, and that an affidavit of such notice and the return receipt is filed with the clerk of the court, agency or commission forthwith after said receipt has been returned."

Although the dentist's note and estimate were not submitted in accordance with the requirements of G. L. c. 233, § 79G, compliance with the statute is not the dispositive question in a restitution hearing. The purpose of G. L. c. 233, § 79G, is to create a hearsay exception for the admission in evidence of medical records if the statutory requirements are met. See *O'Malley* v. *Soske*, 76 Mass. App. Ct. 495, 498-499 (2010). Hearsay, however, is otherwise permissible in restitution hearings. See *Commonwealth* v. *Williams*, 57 Mass. App. Ct. 917, 917 (2003); *Commonwealth* v. *Casanova*, 65 Mass. App. Ct. at 756. The issues in restitution are the reliability of the hearsay evidence, the existence of other nonhearsay evidence, and the reasonableness of the procedures at the restitution hearing, not whether the requirements of G. L. c. 233, § 79G, are strictly satisfied. *Commonwealth* v. *Casanova, supra* at 755-756.

We conclude that the evidence and procedures here satisfied the due process standards for restitution hearings. The victim testified regarding the injury to his mouth and teeth. The uncertified dentist bill was admitted regarding the estimated cost of the dental services, and the defendant was provided an opportunity to cross-examine the victim and submit his own evidence. This was sufficient. See *Commonwealth* v. *Williams, supra* at 917 (victim's testimony and cost estimates prepared by vendor sufficient to

justify restitution award where victim was subject to cross-examination and defendant was given opportunity to present his own evidence to rebut victim's testimony). This is not a case in which the dentist's note and estimate were the only evidence regarding damage to the victim's teeth. Cf. *Commonwealth* v. *Durling*, 407 Mass. 108, 118 (1990) ("when hearsay is offered as the only evidence of the alleged [probation] violation, the indicia of reliability must be substantial"). Also, the defendant did not claim to be surprised or somehow sandbagged by the dentist's letter and estimate at the restitution hearing; nor did he request a continuance.[3] See *Commonwealth* v. *Yeshulas*, 51 Mass. App. Ct. 486, 493 (2001) ("Even though the hearing did not strictly comply with [standards for a restitution hearing set out in] *Nawn*, the process was not fundamentally unfair"; restitution award upheld).

The restitution hearing was fair and reasonable, and the Commonwealth's evidence in total was sufficiently reliable to justify the restitution order for the dental expenses as well as the damaged cellular telephone and furniture.

*Judgment affirmed.*

*Order of restitution affirmed.*

---

[3]As to the element of surprise, we note that at trial the victim's wife testified that the victim was punched in the head and had blood on his forehead, and mentioned that the victim "lost a few teeth from this." A police officer also testified that the victim "was bleeding and [had] some welts on his body and face."