After a jury-waived trial in the District Court, the defendant, Thomas B. Johnson, was convicted of assault and battery. On appeal, he argues that (1) the evidence was insufficient to support the conviction; and (2) the judge erred in allowing the Commonwealth's motion to convert probation service fees to restitution. We affirm.
1. Assault and battery. The defendant claims that the judge erred in denying his motions for a required finding of not guilty. We review to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).
The evidence was sufficient to establish the elements of assault and battery. See Commonwealth v. Boyd, 73 Mass. App. Ct. 190, 194 (2008). Not only did the victim testify that he was punched in the ribs, kicked, picked up, thrown to the ground, and struck from behind, but the Commonwealth also presented substantial evidence corroborating this testimony.[2] Moreover, the victim testified that he saw his attacker in the bathroom mirror at the start of the incident, and there was evidence that the victim later identified the defendant as the assailant from a photographic array. Based on this evidence, the judge properly denied the required finding motions. To the extent that there were inconsistencies in the victim's testimony, it was for the fact finder to resolve them. See Commonwealth v. Platt, 440 Mass. 396, 400 (2003).[3]
2. Restitution. The defendant next contends that the judge abused her discretion in allowing the Commonwealth's motion to convert probation service fees to restitution. We disagree.
On June 27, 2016, after trial, the defendant received a sentence that included two years of probation and an order to pay $65 per month in probation fees as a condition of probation. On September 21, 2016, the Commonwealth filed a "Motion to Convert Probation Service Fees to Restitution." The motion sought to convert the defendant's probation fee payments to restitution payments, to help the victim pay for the cost of emergency medical services stemming from the assault and battery.[4] As grounds for the motion, the Commonwealth asserted, inter alia, that the prosecutor had inadvertently failed to seek restitution as a component of sentencing despite the victim's pretrial request, and that the amount sought would "not impose any additional liability upon the defendant or prejudice him in any way." On September 22, 2016, the judge endorsed the motion "[a]llowed if no objection by counsel." On October 21, 2016, the defendant filed an opposition to the motion. On November 22, 2016, the judge held a hearing on the motion at which counsel were present, and allowed the motion that day.[5] The defendant now appeals from the restitution order.
In Commonwealth v. Denehy, the Supreme Judicial Court explained that a judge's power to order restitution is "unquestionable," not limited by statute, and imbued with "significant latitude." 466 Mass. 723, 737 (2014) (quotations omitted). The "scope of restitution is limited to 'loss or damage [that] is causally connected to the offense and bears a significant relationship to the offense.' " Commonwealth v. McIntyre, 436 Mass. 829, 835 (2002), quoting from Glaubius v. State, 688 So. 2d 913, 915 (Fla. 1997). "[W]e look to the underlying facts of the charged offense, not the name of the crime [of which the defendant was convicted, or] to which the defendant entered a plea." McIntyre, supra, quoting from State v. Landrum, 66 Wash. App. 791, 799 (1992). See Commonwealth v. Williams, 57 Mass. App. Ct. 917, 918 (2003) ("[T]he purpose of restitution ... is not only to compensate the victim for his or her economic loss tied to the defendant's conduct, but also to make the defendant pay for the damage he or she caused as a punitive and rehabilitative sanction"). The Commonwealth bears the burden of proving the amount of the loss by a preponderance of the evidence. McIntyre, supra at 834.
In the present case, there is no explicit challenge as to the causal connection between the incident and the amount of restitution ordered. Rather, the defendant contends that by failing to seek restitution at the time of sentencing, the Commonwealth "waived the opportunity to request it." The defendant cites no legal authority for this proposition, and thus the argument does not satisfy Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).
The defendant next contends that he did not have an opportunity to be heard and confront witnesses against him. This argument overlooks the fact that the defendant elected not to attend the hearing, at which he could have been heard and challenged the Commonwealth's motion. Moreover, the defendant did not provide a transcript of the motion hearing to this court, and, upon realizing that a copy of the transcript was not contained in the record, did not take advantage of the opportunity provided by the appellate rules to supplement the record. See Mass.R.A.P. 8(c), as amended, 378 Mass. 932 (1979). On the record before us, we cannot say that the defendant was somehow precluded from challenging the Commonwealth's evidence, or whether he even objected to the procedure implemented by the judge at the motion hearing.
The defendant also claims that there was no change in circumstances justifying the allowance of the motion to convert probation fees to restitution. We agree that a material change in circumstances is a prerequisite to adding or modifying "a probation condition that will increase the scope of the original probation conditions." Commonwealth v. Goodwin, 458 Mass. 11, 18 (2010). Here, however, there is no dispute that the amount of restitution, per the judge's order, does not impose any increase in the amount owed by the defendant or in the scope of the original probation conditions. Rather, the judge, who was unaware of the existence of the cost of the victim's medical services at the time of sentencing, merely shifted the ultimate destination of the defendant's required payments. See Commonwealth v. Morales, 70 Mass. App. Ct. 839, 844 (2007) ("Where a judge is asked to modify the conditions of probation, the judge retains the discretion to include additional reasonable restrictions consistent with the underlying basis for the modification, ... so long as the modification of the terms is not 'so drastic' that it amounts to a revision of the terms of the sentence" [quotation omitted] ). Compare Commonwealth v. Selavka, 469 Mass. 502, 511 (2014) (where modification to sentence is "so punitive as to increase significantly the severity of the original probation ... our common-law principles of double jeopardy bar the imposition of what is essentially a new, harsher sentence once the [revision or revocation] period has expired" [quotations omitted] ).[6]
In short, we cannot say that the judge abused her ample discretion in allowing the motion where (1) the amount of restitution did not impose any additional financial obligation on the defendant, and (2) there is nothing in the record before us to show that the hearing was procedurally deficient.[7] See L.L. v. Commonwealth, 470 Mass. 169, 184-185 & n.27 (2014).
Judgment affirmed.
Restitution order affirmed.

The corroborating evidence included photographs of the victim's injuries and the testimony of a police officer who saw the victim "screaming and writhing in pain" after the incident.

The defendant's reliance on Commonwealth v. Mazza, 399 Mass. 395, 399 (1987), is unpersuasive. Unlike that case, the victim here identified the defendant as the perpetrator, and the Commonwealth presented substantial evidence that the defendant committed the assault and battery.

The Commonwealth attached the victim's invoice to the motion to convert probation fees to restitution.

The defendant's presence at the hearing on the motion to convert probation fees to restitution was waived at the defendant's request.

The defendant does not argue that the Commonwealth's request constituted an untimely motion to revise or revoke under Mass.R.Crim.P. 29(a), as appearing in 474 Mass. 1503 (2016). In any event, "[o]rdinarily, reasonable additions to the conditions of a defendant's probation do not constitute the revision or revocation of a sentence under rule 29(a)." Selavka, 469 Mass. at 511.

Our decision is limited to the facts and appellate record in this case. As noted supra, without a transcript and record of the proceedings in the District Court, we will not speculate as to what might have transpired at the motion hearing, what arguments were made and preserved by the parties, or what the full basis was for the judge's order. Cf. Commonwealth v. Woods, 419 Mass. 366, 371-372 (1995).