NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12399


COMMONWEALTH  vs.  MARIEZEL VALLEJO.


July 29, 2018.


Restitution.  Practice, Criminal, Restitution, Probation,
    Findings by judge.


    The defendant, Mariezel Vallejo, admitted to facts
sufficient for a finding of guilty of operating a motor vehicle
while under the influence of intoxicating liquor, in violation
of G. L. c. 90, § 24 (1) (a) (1).  Her operator's license was
suspended, and she received a continuance without a finding for
one year, with probationary conditions including payment of $140
in restitution.  The defendant appealed, claiming (in part) that
the judge erred in finding that she had an ability to pay
restitution.  We allowed the defendant's application for direct
appellate review.  Because we conclude that the judge failed to
make adequate findings to support an order of restitution, we
vacate so much of the order as required payment of restitution,
and remand for further proceedings.[1]

_____

    [1] The defendant additionally argues that the restitution
order exceeded its permissible scope, because the restitution
amount consisted of the wages the judge determined the victim
had lost due to her appearance at the restitution hearing.
Concluding, as we do, that the judge's findings were inadequate
to support any order of restitution, we do not address that
additional argument.  Nor do we attempt here to define the "full
contours of restitution, or the differences between restitution
and the damages that are compensable in a civil action."
Commonwealth v. Casanova, 65 Mass. App. Ct. 750, 754 n.7 (2006).
See Commonwealth v. Denehy, 466 Mass. 723, 739 (2014) (to be
compensable for purposes of restitution, economic losses must be

A judge may order a defendant to pay restitution to a victim as a condition of his or her probation.  See Commonwealth v. McIntyre, 436 Mass. 829, 833-834 (2002).  Such an order has a dual purpose:  it serves not only "to compensate the victim for his or her economic loss tied to the defendant's conduct, but also to make the defendant pay for the damage [that] he or she caused as a punitive and rehabilitative sanction."  Commonwealth v. Williams, 57 Mass. App. Ct. 917, 918 (2003).  Before any such order may be entered, however,

> "the judge must determine the amount the defendant is able to pay.  See [Commonwealth v. Nawn, 394 Mass. 1, 8-9 (1985)].  Where a defendant claims that he or she is unable to pay the full amount of the victim's economic loss, the defendant bears the burden of proving an inability to pay. See Commonwealth v. Porter, 462 Mass. 724, 732-733 (2012) (defendant bears burden of persuasion regarding indigency, in part because '[a] criminal defendant is the party in possession of all material facts regarding her own wealth and is asserting a negative').  Cf. United States v. Fuentes, 107 F.3d 1515, 1532 (11th Cir. 1997) (regarding restitution, 'the defendant must establish her financial resources and needs by a preponderance of the evidence')."

Commonwealth v. Henry, 475 Mass. 117, 121, 122 (2016) ("imposing restitution that the defendant will be unable to pay violates the fundamental principle that a criminal defendant should not face additional punishment solely because of his or her poverty").  See Commonwealth v. Gomes, 407 Mass. 206, 212 (1990), quoting Tate v. Short, 401 U.S. 395, 398 (1971) ("Generally, 'the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full").

In this case, the defendant testified that she lived in low income housing, that she was not currently working because of a back injury, and that she had no income.  Although the judge's findings referenced the back injury, they do not indicate that the judge sufficiently considered, as required, the matter of "the financial resources of the defendant, including income and net assets, and the defendant's financial obligations, including the amount necessary to meet minimum basic human needs such as

directly tied to facts surrounding crime and causally related to them).

food, shelter, and clothing for the defendant and . . . her dependents."  Henry, 475 Mass. at 126.  To be sure, the defendant bore the burden of persuasion, but the judge's findings were inadequate to support the conclusion that the defendant had an ability to pay restitution.

We therefore vacate the order for restitution and remand the case to the trial court for reconsideration of the question of restitution consistent with this opinion.

So ordered.


Rebecca Kiley, Committee for Public Counsel Services, for the defendant.

John P. Zanini, Assistant District Attorney, for the Commonwealth.

Oren Nimni, Jason D. Frank, A. Lauren Carpenter, & Michelle Andrighetto, for Committee for Civil Rights and Economic Justice & others, amici curiae, submitted a brief.