NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-708

COMMONWEALTH

vs.

GARY E. MICHAELS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a finding that he violated his probation by failing to make required restitution payments, and from the five-year extension of probation and increased restitution payments the judge imposed as a remedy for the violation. The Commonwealth acknowledges that the judge erred in extending the defendant's probation and increasing the restitution payments. We vacate and remand.

On November 21, 2016, the defendant pleaded guilty to larceny over $250 and to making a false statement for medical assistance. He was sentenced to probation with an end date of April 8, 2022, and was ordered to perform community service and pay restitution in an amount to be determined in the future. On April 10, 2017, restitution was set in the amount of $46,460.81. However, after a Henry hearing, see Commonwealth v. Henry, 475

Mass. 117 (2016), the plea judge determined that the defendant did not have the ability to pay.  The judge also ordered that the defendant's ability to pay be reviewed every six months.

Almost two years later, on March 27, 2019, the defendant was determined to have the ability to make monthly payments of $300 towards restitution.  The defendant made payments for some time thereafter.[1]  Eventually, though, on August 4, 2021, the defendant was served with a notice of probation violation alleging that he had violated his probation by failing to make the monthly restitution payments and was $3,000 in arrears. After an evidentiary hearing, a different judge found that the defendant had violated his probation by failing to make the required payments.  As a remedy, the judge extended the defendant's probation by five years and increased to $643.66 the monthly amount to be paid so that the full remaining amount of restitution could be paid within those five years.  These are the rulings that are before us now.

The defendant makes three arguments on appeal.  First, the defendant argues that the judge failed to consider the totality of his expenses in determining whether he had the ability to pay restitution.  Second, the defendant argues the judge was incorrect to think that the full amount of restitution needed to

_____

[1] Ultimately, the defendant made payments totaling $7,860.81.

2

be repaid before probation could end and, third, that that error led to an unwarranted five-year extension of probation and to an increase in the monthly restitution payment without regard to the defendant's ability to pay.  We agree.

The evidence showed that the defendant, who had his own business, had been making the required $300 monthly restitution payments until the COVID-19 pandemic caused his business to close.  Eventually, he secured a new job and was able to make additional payments towards restitution.[2]  Nonetheless, by the time of the probation violation hearing in March 2022, the defendant was in arrears by "about $4,500."  The defendant does not dispute that he failed to make restitution payments; however, he argues that the judge could not find that he had willfully violated the terms of his probation because the evidence did not permit the judge to find that he had the ability to pay.  "A defendant can be found in violation of a probationary condition only where the violation was [willful], and the failure to make a restitution payment that the probationer is unable to pay is not a [willful] violation of probation."  Henry, 475 Mass. at 121.

---

[2] During this time period, the defendant also paid $3,000 to satisfy a restitution order in a separate case.  In light of the defendant's financial statement, we reject the Commonwealth's suggestion that the defendant's satisfaction of a separate restitution order should be used to demonstrate that he had the ability to pay restitution in this case.

Although the evidence permitted the judge to find that the defendant had obtained a new job that paid him $4,200 (pretax) monthly, the judge's finding that the defendant's monthly expenses were only $2,000 was clearly erroneous.  The defendant's financial statement -- which was undisputed -- showed that he had monthly expenses of $4,061, of which $2,000 was for rent.  The judge did not explore these expenses with the defendant, nor was any evidence presented that would call their accuracy into question.[3]  "In determining the defendant's ability to pay, the judge must consider the financial resources of the defendant, including income and net assets, and the defendant's financial obligations, including the amount necessary to meet minimum basic human needs such as food, shelter, and clothing for the defendant and his or her dependents."  Henry, 475 Mass. at 126.  Here, the judge considered only the defendant's monthly rent, rather than the totality of the defendant's necessary expenses (which would

_____

[3] Additional information regarding the defendant's financial circumstances was contained in his motion to remit outstanding restitution, which he filed after having been served with the notice of violation.  More specifically, the defendant alleged that he has a wife and two children whom he supports.  His wife does not work due to health and childcare issues.  The defendant receives food stamps and is on Medicaid, and he was in arrears on his bills for electricity, gas, water, Internet, and cell phones.  In addition, the defendant had monthly car payments, car insurance obligations, $4,000 in credit card debt, and $7,500 in student loan debt.

4

necessarily include more than just rent), and appears to have compared it to his gross (not net) monthly pay.[4]  Although the evidence permitted the judge to find that the defendant had not paid the required monthly restitution amount of $300 for some period of time, the evidence did not permit the judge to find that he had the ability to pay $300 monthly during that period "'without causing substantial financial hardship' to [him]self or [his] dependents."  Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 50 (2018), quoting Henry, supra at 127.

Furthermore, the judge's decision to extend the period of probation by five years and to increase the monthly payment amount ran afoul of Henry, 475 Mass. at 124-125.  The judge's decision appears to have been based on a misapprehension that probation should be extended for the sole purpose of ensuring that the full amount of restitution can be repaid during the extended period.[5]  But "equal justice means that the length of probation supervision imposed at the time of sentence should not be affected by the financial means of the defendant or the

_____

[4] The judge stated that the defendant's "annual expenses are $24,000."  Although the judge acknowledged that the defendant also had some outstanding loan payments, he seems to have disregarded all other expenses listed on the defendant's financial statement without any basis in the record to do so.

[5] We note that the probation officer suggested a lesser remedy of a two-year extension of probation with no increase in the monthly restitution amount of $300.

5

ability of the defendant to pay restitution." Id. at 124. It does not appear that the judge considered, as he was required to, the defendant's ability to make restitution payments in the future, let alone at an increased monthly amount. Nor did the evidence permit the judge to find that the defendant had the ability to pay the increased monthly amount ($643.66) ordered.

For these reasons, the order entered March 2, 2022, finding the defendant in violation of the terms of probation and imposing sentence, is vacated. The case is remanded for reconsideration. On remand, the defendant's ability to pay must be factored into both the judge's assessment of whether the defendant violated probation as alleged in the probation violation notice and, if so, the appropriate remedy for that violation. See Commonwealth v. Vallejo, 480 Mass. 1001, 1002 (2018).

So ordered.

By the Court (Wolohojian, Shin & Ditkoff, JJ.[6]),

Joseph F. Stanton

Clerk

Entered: October 19, 2023.

_____

[6] The panelists are listed in order of seniority.

6