NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-11

COMMONWEALTH

vs.

JSHAWN L. DURHAM.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The probationer appeals from the denial of his motion to terminate and discharge probation by a judge of the District Court, and an order finding him in violation of his probation and extending the term of probation for another year. He argues that he adequately established an inability to pay restitution, ordered as a condition of probation, due to his poverty. Concluding that the judge committed an error of law in his application of Commonwealth v. Henry, 475 Mass. 117, 121-127 (2016), we vacate the denial and order, and remand the matter.

We review a judge's determination that a probation violation occurred and their disposition of a probation

_____

[1] In affidavits, the probationer spelled his name "Jshawn Durham" and "J'Shawn L. Durham." As is our custom, we spell the probationer's name as it was spelled in the complaints.

violation for abuse of discretion or other error of law.  See Commonwealth v. Pena, 462 Mass. 183, 187 (2012); Commonwealth v. Grant G., 96 Mass. App. Ct. 721, 725 (2019).  The Commonwealth bears the burden of proving a violation by a preponderance of the evidence.  Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). "A defendant can be found in violation of a probationary condition only where the violation was wilful, and the failure to make a restitution payment that the probationer is unable to pay is not a wilful violation of probation."  Henry, 475 Mass. at 121.  The probationer bears the burden of showing an inability to pay.  Id.

At a 2022 probation violation hearing,[2] the probationer filed a motion to terminate and discharge probation based on his inability to pay the remaining restitution (Henry motion), asserting via affidavit and representations of counsel[3] that he was unable to pay.  The District Court judge denied the motion, stating that Henry motions are for "people who are physically or mentally disabled who have no capacity to work, not that they lost their job during COVID."  This reads Henry too narrowly.

---

[2] The probationer pleaded guilty and was sentenced in 2014, before Henry issued.  The probationer's initial eighteen-month probation term has been repeatedly extended for failure to pay restitution.

[3] See Commonwealth v. Pereira, 93 Mass. App. Ct. 146, 151 (2018) ("Assertions of . . . counsel are not evidence").

2

In fact, to ensure equal justice, the Supreme Judicial Court determined that a "criminal defendant should not face additional punishment solely because of [their] poverty." Henry, 475 Mass. at 122. Accordingly, "[i]n determining the defendant's ability to pay, the judge must consider the financial resources of the defendant, including income and net assets, and the defendant's financial obligations, including the amount necessary to meet minimum basic human needs such as food, shelter, and clothing for the defendant and [their] dependents." Id. at 126. Payment of restitution must not impose a "substantial financial hardship" on the defendant, such as "payments that would deprive the defendant or [their] dependents of minimum basic human needs." Id. at 127. While "[a] judge may also consider a defendant's ability to earn based on 'the defendant's employment history and financial prospects,' . . . a judge may attribute potential income to the defendant only after specifically finding that the defendant is earning less than [they] could through reasonable effort" (citation omitted). Id.

Because the motion judge expressly applied an incorrect rationale in denying the probationer's motion, he abused his discretion. See, e.g., Commonwealth v. Brusgulis, 398 Mass. 325, 330 (1986) (decision of motion judge may be vacated where judge applied incorrect legal standard). Further, while "the defendant bore the burden of persuasion, . . . the judge's

3

findings were inadequate to support the conclusion that the defendant had an ability to pay restitution." Commonwealth v. Vallejo, 480 Mass. 1001, 1002 (2018). Accordingly, the judge also abused his discretion for using the lack of payment as the basis of the probation violation and subsequently extending the probationer's probation. We must therefore remand for findings in accordance with Henry.[4] Should the reviewing judge, applying the correct standard, conclude that the probationer has the ability to pay based on an ability to find work, the judge must articulate the grounds on which the judge is attributing income to the probationer, after considering his "employment history and financial prospects" and any other relevant circumstances. Henry, 475 Mass. at 127.

The order denying the probationer's motion to terminate probation and the order finding the probationer in violation of probation and extending his probation for another year on the

---

[4] Generalized and uncorroborated assertions by the probationer about their financial situation are not adequate. Compare Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 46-51 (2018) (defendant carried burden where she testified, provided revised detailed affidavit, and produced supporting documents in form of proof of Social Security benefits and a lease), with Pereira, 93 Mass. App. Ct. at 151-152 (where defendant had previously agreed to payment schedule and failed to present any evidence in support of Henry motion, even affidavit, judge did not err in finding violation based on failure to pay).

same payment terms are vacated, and the matter is remanded for further proceedings consistent with this memorandum and order.

<u>So ordered</u>.

By the Court (Green, C.J.,
  Henry & Ditkoff, JJ.[5]),

Assistant Clerk

Entered:  April 22, 2024.

---

[5] The panelists are listed in order of seniority.