BROWN, COMMONWEALTH vs., 102 Mass. App. Ct. 233

 
 COMMONWEALTH vs. RONALD A. BROWN.

102 Mass. App. Ct. 233
 November 1, 2022 - January 25, 2023

Court Below: District Court, Plymouth Division
Present: Wolohojian, Ditkoff, & Walsh, JJ.

 

No. 21-P-533.

Practice, Criminal, Probation, Revocation of probation, Restitution. Restitution.

A District Court judge erred in finding a criminal defendant in violation of probation for failing to pay restitution, where, although the defendant was ordered to pay a certain amount of restitution, the defendant was adjudged to have no ability to pay, no judge ever imposed a payment schedule, and no judge ever revisited the finding that the defendant had no current ability to pay; accordingly, in those circumstances, there was no restitution order that the defendant could have been found to have violated. [235]

This court stated that the probation department should not issue a notice of probation violation for failing to pay restitution until after a defendant has been found to have an ability to pay and has failed to comply with a schedule of required payments; that a notice of probation violation should not issue simply because a defendant's probation is going to end soon without him or her having paid restitution; and that in cases where the probation department believes that a defendant's financial situation may have changed such that he or she is in a position to make restitution payments, the proper procedure is to petition the judge to reassess the defendant's ability to pay and, if appropriate, to set a payment schedule or to adjust the amount of restitution owed. [235-236]

Complaint received and sworn to in the Plymouth Division of the District Court Department on June 22, 2018.

 A proceeding for revocation of probation was heard by Franco J. Gobourne, J.

 Rachel M. Matos for the defendant.

 Carolyn A. Burbine, Assistant District Attorney, for the Commonwealth.

 WOLOHOJIAN, J. At issue is whether the defendant should have been found to have violated his probation for failing to pay restitution where no schedule for payment had ever been set, and the defendant had previously been adjudged not to have an ability to pay. We conclude that in such circumstances, the defendant should not have been found to have violated his probation.

 Background. On October 30, 2018, as part of a disposition by way of a plea, the defendant was sentenced to (among other 

 Page 234 

things) administrative supervision by the probation department until October 29, 2020, with a requirement that he pay restitution in the amount of $2,375. [Note 1] No schedule of repayment was set, nor was there any date set by which the defendant was to complete the required restitution other than the termination date of his probation. A hearing on the defendant's ability to pay was scheduled for a future date.

 That hearing took place on December 19, 2018, and the defendant was found to have no current ability to pay, a determination that was never revisited or disturbed [Note 2] during the remainder of the defendant's probation. Nonetheless, the probation department issued a notice of probation violation approximately one month before the end of the defendant's probation alleging that the defendant had "failed to make a required payment, specifically $2375 outstanding in restitution." The defendant had complied with all other terms of his probation.

 An evidentiary hearing on the alleged probation violation took place on November 6, 2020. [Note 3] At that hearing, the judge [Note 4] (1) reduced the amount of restitution to $1,000, [Note 5] (2) determined that 

 Page 235 

the defendant had the ability to pay restitution, (3) found that the defendant had made no good faith effort to pay restitution, and (4) concluded, as a result, that the defendant had violated his probation. He revoked the defendant's probation and sentenced him to a period of incarceration in the house of correction. [Note 6] This appeal followed.

 Discussion. Although the defendant was ordered to pay $2,375 in restitution, he was adjudged to have no ability to pay, no judge ever imposed a payment schedule, and no judge ever revisited the finding that the defendant had no current ability to pay. In these circumstances, there was no restitution order that the defendant could have been found to have violated. "'The amount of restitution is not merely the measure of the value of the [monetary harm caused] by the defendant; . . . the judge must also decide the amount that the defendant is able to pay and how such payment is to be made.'" Commonwealth v. Henry, 475 Mass. 117, 120-121 (2016), quoting Commonwealth v. Nawn, 394 Mass. 1, 8-9 (1985). An order of restitution may not exceed the amount that a defendant is able to pay, Henry, supra at 121, and "a probationer cannot be found in violation for failing to pay a restitution amount that the probationer cannot reasonably afford to pay," id. at 122. "Due process requires that a probationer receive fair warning of conduct that may result in revocation of probation." Commonwealth v. Kendrick, 446 Mass. 72, 75 (2006). A reasonable probationer who has been found to have no ability to pay, and has not received a required payment schedule, would not understand that he would be in violation of probation should he fail to make restitution payments.

 The probation department should not issue a notice of probation violation for failing to pay restitution until after a defendant has been found to have an ability to pay, and he has failed to comply with a schedule of required payments. A notice of 

 Page 236 

probation violation should not issue simply because a defendant's probation is going to end soon without his having paid restitution. Issuing a "notice of violation under such circumstances waste[s] the time of the court, [and] imposes upon the blameless probationer the risk of an arrest on a probation warrant, of payment of a warrant fee, of being held in custody pending a hearing, and of probation revocation if the judge were to fail to recognize that inability to pay is a defense to the alleged violation." Henry, 475 Mass. at 122. This case demonstrates that these are not merely academic concerns: the defendant's probation was erroneously revoked because neither the parties nor the judge focused on the fact that the defendant had never been adjudged to have the ability to pay restitution and that no payment schedule had been set before the probation department issued the probation violation notice. Worse yet, the defendant was sentenced to a period of incarceration as a result of the error.

 In cases where the probation department believes that a defendant's financial situation may have changed such that he is in a position to make restitution payments, the proper procedure is to petition the judge to reassess the defendant's ability to pay and, if appropriate, to set a payment schedule or to adjust the amount of restitution owed. See Henry, 475 Mass. at 126. It is not, as we have already said, to issue a notice of probation violation.

 Conclusion. The order revoking the defendant's probation and imposing sentences is reversed.

 So ordered.

FOOTNOTES
[Note 1] The charges stemmed from an incident where the defendant broke into a neighbor's building and took a log splitter. The restitution amount was based on the cost to repair the victim's door that was damaged by the break-in. The defendant admitted to sufficient facts for breaking and entering in the daytime with the intent to commit a felony, in violation of G. L. c. 266, § 18, and malicious destruction of property valued in excess of $1,200, in violation of G. L. c. 266, § 127; both of those charges were continued without a finding to October 29, 2020, with administrative supervision by the probation department. The defendant also pleaded guilty to receiving stolen property valued in excess of $1,200, in violation of G. L. c. 266, § 60, and received a sentence of one year in the house of correction, suspended to October 29, 2020, with administrative supervision by the probation department. 

[Note 2] A March 1, 2019, status hearing to review the defendant's ability to pay was continued to May 22, 2019; a May 22, 2019, notation on the docket states that the defendant was arraigned, and that the "case remains on original end date of 10-29-2020"; and a July 6, 2020, notation on the docket reads only "Cont Same End Date 10-29-20." 

[Note 3] The hearing was originally scheduled for October 21, 2020, approximately one week before probation was scheduled to end, but was continued by agreement. 

[Note 4] The probation violation judge was neither the plea judge nor the judge who made the earlier determination of the defendant's inability to pay restitution. 

[Note 5] The victims had received insurance proceeds to cover the damage the defendant had caused to their door, and accordingly were out-of-pocket only as to the amount of the policy deductible, which was $1,000. We express no view on whether the reduction was proper under these circumstances. 

[Note 6] The record does not show that the judge stated in writing the reasons for the revocation, but he gave a clear statement of his reasons on the record. See Rule 8(d)(iv) of the District/Municipal Courts Rules for Probation Violation Proceedings (effective Sept. 8, 2015) ("If the court orders revocation, it shall state the reasons therefor in writing"). On the stolen property charge, the judge terminated the defendant's probation and discharged the defendant. On the two other charges, the judge revoked the defendant's probation, entered guilty findings, and sentenced the defendant to two concurrent terms of three months in the house of correction. See Rule 9(b)(v) of the District/Municipal Courts Rules for Probation Violation Proceedings. Although the defendant has served the sentences, the parties agree that this appeal is not moot. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.