NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-374

COMMONWEALTH

vs.

SHAWN WALKER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Shawn Walker, appeals from an order of a District Court judge revoking his probation on the ground that he committed new offenses stemming from an incident where he allegedly fired two shots at a car.[1] The driver, who knew the defendant, immediately reported the incident to the police. Concluding that the judge acted within his discretion in finding that the victim's prompt, detailed, corroborated, and videotaped statements to the police were substantially reliable, we affirm.

---

[1] The defendant's sentence was negated by a forthwith sentence imposed by a Superior Court judge in July 2024. The case remains properly before us. See Commonwealth v. Brown, 102 Mass. App. Ct. 233, 235 n.6 (2023).

1.  Standard of review.  "In considering an appeal from a decision that a violation of probation occurred, a reviewing court must determine 'whether the record discloses sufficient reliable evidence to warrant the findings by the judge[, by a preponderance of the evidence,] that [the probationer] had violated the specified conditions of his [or her] probation.'"  Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023), quoting Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).  Such a finding may not be based solely on hearsay unless the hearsay "has substantial indicia of reliability."  Commonwealth v. Grant G., 96 Mass. App. Ct. 721, 725 (2019), quoting Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).

> "In determining if hearsay evidence is substantially reliable, the court may consider, among any other relevant factors, whether that evidence (1) is based on personal knowledge and/or direct observation, rather than on other hearsay; (2) involves observations recorded close in time to the events in question; (3) is factually detailed, rather than generalized and conclusory; (4) is internally consistent; (5) is corroborated by any evidence provided by the probationer; (6) was provided by a disinterested witness; or (7) was provided under circumstances that support the veracity of the source."

Rule 7(b) of District/Municipal Courts Rules of Probation Violation Proceedings (2015).  "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable."  Commonwealth v. Rainey, 491 Mass. 632, 647 (2023), quoting Commonwealth v. Costa, 490 Mass. 118, 124 (2022).

2

"We review a judge's determination that hearsay is substantially reliable, like other evidentiary decisions, under an abuse of discretion standard."  Commonwealth v. Gelin, 494 Mass. 777, 784 (2024), quoting Rainey, 491 Mass. at 648.  "[W]here a judge relies on hearsay evidence in finding a violation of probation, the judge should set forth in writing or on the record why the judge found the hearsay evidence to be [substantially] reliable."  Rainey, supra at 648, quoting Hartfield, 474 Mass. at 485.

2.  Substantial reliability.  At the probation violation hearing, the probation officer submitted various exhibits including a videotape of a recorded interview of the victim conducted by the police within ninety minutes of the shooting.  See Rainey, 491 Mass. at 648 (judge provided with statements on video).  The victim reported that the defendant fired twice at her motor vehicle while she was stopped at a red light.  The victim's statements were based on her direct observation and were extremely detailed, providing exact locations, path of travel, restaurants passed, and the time of the shooting within five minutes.  Her account of the travel was corroborated by video footage, and her report of the shooting was corroborated by a ShotSpotter report and by photographs of a bullet hole in her motor vehicle.  See Commonwealth v. Ogarro, 95 Mass. App.

3

Ct. 662, 668 (2019) (hearsay corroborated by officer's personal observations).

Finally, the victim knew the defendant, both from the neighborhood and from his being prosecuted as a codefendant with her boyfriend. She was aware of where he was from and of his criminal record. In fact, the victim reported that she and the defendant were having a dispute on social media. A police officer provided her with a sequential photographic array, and she chose the defendant immediately with full certainty. Cf. Jarrett, 491 Mass. at 444 ("the Commonwealth's case would have been strengthened by a nonsuggestive identification of him"). As in Commonwealth v. Leopold L., 96 Mass. App. Ct. 796, 803 (2020), where "the victim knew the perpetrator[] based on previous interactions" and "was able to identify the attacker[] in [a] photographic array[]," there was "an ample basis upon which to conclude the hearsay was reliable."

Although the victim had been arguing with the defendant on social media, this fact does not defeat the substantial reliability of the victim's statements. See Ogarro, 95 Mass. App. Ct. at 668-669 (hearsay from "an interested party" substantially reliable where "based on her personal participation in the incident and made to the officer immediately thereafter" and was "detailed, internally consistent

4

account of the events").  In light of the many factors favoring reliability, the judge acted within his discretion in finding the victim's statements substantially reliable.

Finally, the judge set forth in writing the hearsay that he found substantially reliable, the corroboration he relied upon, which included the promptness of the victim's report, and that that report was "in great detail."  This was an adequate explanation of the judge's decision.  See Leopold L., 96 Mass. App. Ct. at 803.

Order revoking probation and
imposing sentence affirmed.

By the Court (Vuono,
Ditkoff & Singh, JJ.[2]),

Paul Little

Clerk

Entered:  May 9, 2025.

_____

[2] The panelists are listed in order of seniority.

5